GUIDRY, J.,
dissents and assigns reasons.
hi respectfully dissent from the majority’s holding that a claim for “negligent credentialing” of a physician by a health care provider such as a hospital does not fall within the purview of the Louisiana Medical Malpractice Act (“LMMA”). I disagree with the majority’s application of the factors set forth by this court in Coleman v. Deno, 01-1517 (La. 1/25/02), 813 So.2d 303. More importantly, I believe the majority has incorrectly interpreted the definition of malpractice in the LMMA to determine that credentialing of a physician by a hospital to work in its emergency room is not encompassed within the scope of that definition. The LMMA encompasses “[a]ny unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care pro *532 vider, to- a patient, including ... all legal responsibility of a health care provider arising from acts or omissions ... in the trainirig or supervision of health care providers La. R.S. 40:1299.41(A)(8). Thus* the question before the court is whether credentialing a doctor to practice in a hospital is an act of rendering professional services by that hospital to its patient or, perhaps more | ¡specifically, an act of supervision of a physician by that hospital. In my opinion, credentialing a doctor to practice in a hospital falls under both.
The majority is correct that the LMMA is intended to “apply strictly to claims ‘arising from medical malpractice.’” Williamson v. Hospital Service Dist. No. 1 of Jefferson, 04-0451, p. 5, 888 So.2d 782, 786. However, the plaintiffs’ claim for damages here can only “arise from medical malpractice.” Notably, the majority never answers the question of whether negligent credentialing causes any compensable damages to the patient in the absence of malpractice committed by the doctor who was granted privileges via the credentialing process. For example, if a hospital granted privileges to an allegedly unqualified but otherwise licensed doctor to work in its hospital, and the doctor commits no malpractice and performs all of her medical duties flawlessly, then there would be no harm from the negligent credentialing itself, because com-pensable damages will never occur until the doctor actually commits malpractice resulting in injury to the patient.[1] In my view, therefore, the injury to the patient does not originate from the hospital’s decision to grant privileges to the doctor but more logically from its failure to properly train and, supervise her after it grants such privileges and that failure results in injury to the patient.
I agree with the dissenting judge below that negligent credentialing is so intertwined with the substantive malpractice claim underlying the suit against the health care provider that the legislature could not have intended to separate the two claims, particularly when it amended the LMMA in 2001 to include within the definition of malpractice “all legal responsibility from acts and omissions ... in the training and supervision of health care providers.” La. R.S. 40:1299.41(A)(8). IsEven if one argues the hospital’s breach of its own procedures for granting physician privileges “creates an environment ripe for malpractice,” any damages to the patient only occur if the hospital thereafter fails to properly train and supervise that doctor and that doctor commits malpractice injuring a patient.
In my view, credentialing of a physician, that is, vetting a physician before granting her privileges in the emergency room, logically falls within the health care provider’s duty of “training and supervision of health care providers.” That the legislature has declined to specifically include “credentialing” within the definition of malpractice when it has included “training and supervision” is not determinative of legislative intent, in my view, because it is just as reasonable to conclude the legislature believed a credentialing claim was already included within the definition’ of malpractice in the LMMA as amended in 2001.
Additionally, the language in the LMMA provides that medical malpractice includes “any unintentional tort or any breach of contract based on health care or professional services rendered ... by a health care provider, to a patient ....” La. R.S. 40:1299.41(A)(8). Applying that language to the claim here, I find the alleged failure of a hospital to properly credential a physi *533 cian before granting her privileges in the hospital’s emergency room also falls squarely within the context of “professional services rendered ... by a health care provider, to a patient....” La. R.S. 40:1299.41(A)(8). To dismiss the hospital’s process of credentialing its physicians as merely “administrative” misconstrues and belies the statutory duty placed on the hospital by the LMMA to render professional services to the patient. “Professional services” owed by the hospital to its patient would necessarily encompass providing doctors who are qualified to practice, as well as doctors who are properly trained and supervised. Thus, under a common sense interpretation of 14the language of the Act, the process of credentialing a physician to provide medical treatment to the patient on behalf of the health care provider falls within the “professional services” owed to that patient by the health care provider.
.1 further disagree with the majority’s application of the Coleman factors to find a claim for negligent credentialing falls outside of the LMMA. I agree with the district court that the duty to select competent physicians with reasonable care is inextricably woven into the hospital’s treatment of the patient and the rendering of professional medical services to that patient. In my view, the defendant is correct that the decisions of the hospital’s credentialing committee are fundamentally related to health care being offered by the hospital through the physicians it employs or credentials. This factor therefore militates in favor of applying the LMMA.
Additionally, based on the plaintiffs’ allegations, I would find expert medical evidence is necessary to determine whether the appropriate standard of care was breached by the hospital. While the majority concedes a jury would need expert witness testimony to determine whether the hospital breached its credentialing procedures, it finds expert medical evidence is unnecessary. But the plaintiffs’ claims are: that Dr, Zavala lacked the necessary experience and training required by the hospital’s by-laws, that the hospital should have followed up on a “qualified” reference given by an emergency room physician, that the hospital failed to investigate two prior malpractice claims, and that Dr. Zavala failed to produce evidence she had completed CME in emergency medicine training. Each of these allegations requires expert medical testimony to determine whether Dr. Zavala had the proper training, experience, and qualifications to be granted | ^privileges in the emergency room, and whether the prior malpractice complaints against her precluded her from being granted such privileges.
As to whether the pertinent act or omission involves assessment of the patient’s condition, I agree with the reasoning of the district court: a hospital should ensure that a. physician granted privileges possesses the requisite ability to assess a patient’s condition when she presents in the emergency room. Although it is not the particular patient’s condition at issue, the hospital in credentialing a physician must understand and anticipate the treatment to be needed for patients seeking emergency care and make an assessment of the physician’s training and ability to render and render timely the health care likely to be needed.
As to whether the incident occurred in the context of a physician/patient relationship or was within the scope of activities that a hospital is licensed to perform, the majority finds this factor weighs in favor of finding the claim of negligent credentialing falls within the LMMA, I agree.
Finally, as to whether the injury would have occurred if the patient had not sought treatment, I disagree with the majority’s *534 rejection of the defendant’s argument that the gravamen of the plaintiffs’ claim is as follows: that the plaintiff would not have suffered injury but for the alleged malpractice in failing to timely diagnose the stroke or to administer tPA and that plaintiff might have received proper treatment if the hospital had not granted or retained the physician’s privileges. For the reasons I espoused above, I disagree with the majority’s determination that the credentialing of the physician in this case was not “treatment related.” Thus I would find this factor weighs in favor of applying the LMMA.
In sum, I would conclude the plaintiffs’ claim of negligent credentialing of a physician by a health care provider such as a hospital falls within the purview | fiof the LMMA, both under the plain language therein and after analysis of the factors set forth in Coleman.

.’ Surely the majority is not countenancing that a claim for negligent credentialing can lie in the absence of malpractice by the particular doctor.